Case 6:21-cv-01549-ACC-LRH   Document 1-6   Filed 09/20/21   Page 1 of 6 PageID 78

## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
## IN AND FOR SEMINOLE COUNTY, FLORIDA

**RONNIE HORN**,

      Plaintiff,                          Case No.    **2021CA002082**

vs.

**FAMILY DOLLAR STORES OF
FLORIDA, LLC. d/b/a FAMILY
DOLLAR and DEVONNA HARRIS**,

      Defendants.

_____/

## COMPLAINT

COMES NOW Plaintiff, **RONNIE HORN**, and sues Defendants, **FAMILY DOLLAR STORES OF FLORIDA, LLC d/b/a FAMILY DOLLAR and DEVONNA HARRIS**, and alleges:

1.     This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2.     Plaintiff is a natural person residing in Seminole County, Florida.

****EFILED: Electronically Filed - CLERK OF CIRCUIT COURT SEMINOLE COUNTY 08/23/2021 04:09:43 PM.****

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

3.      At all times material thereto, Defendant, DEVONNA HARRIS, is a natural person residing in Seminole County, Florida, working as an employee for Defendant, FAMILY DOLLAR STORES OF FLORIDA, LLC d/b/a FAMILY DOLLAR.

4.      At all times material thereto, FAMILY DOLLAR STORES OF FLORIDA, LLC d/b/a FAMILY DOLLAR is/was a foreign limited liability corporation licensed to do business in the State of Florida.

5.      At all times material hereto, Defendant FAMILY DOLLAR STORES OF FLORIDA, LLC d/b/a FAMILY DOLLAR was the owner and in possession of that certain business known as Family Dollar located at 1111 Celery Avenue, Sanford, Seminole County, Florida 32771 said business being that of a retail store, open to the general public, including the Plaintiff herein.

6.      On or about October 21, 2020, Plaintiff, RONNIE HORN, visited Defendant's premises located at the above address as a business invitee. As he was walking in the store, he sustained injuries when he tripped and fell on an unattended hand basket on the floor in the middle of an aisle causing him to sustain the injuries and damages hereinafter alleged.

**COUNT I- CLAIM OF NEGLIGENCE AGAINST**
**FAMILY DOLLAR STORES OF FLORIDA, LLC d/b/a FAMILY DOLLAR**

7.      Plaintiff realleges and incorporates herein by reference paragraphs 1 through 6 above, and further states:

8.      At said time and place, Plaintiff, RONNIE HORN, was a guest at FAMILY DOLLAR, as described above, lawfully upon the premises of the Defendant, who owed Plaintiff a non-delegable duty to exercise reasonable care for his safety.

9.      At said time and place, Defendant breached its non-delegable duty owed to Plaintiff by committing one or more of the following omissions or commissions:

2

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

a) Negligently failing to maintain or adequately maintain the premises/flooring, thus creating a hazardous condition to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

b) Negligently failing to inspect or adequately inspect the premises/flooring, as specified above, to ascertain whether unattended hand baskets on the floor of the aisle constituted a trip hazard to patrons utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

c) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the premises/flooring, when Defendant knew or through the exercise of reasonable care should have known that said premises/flooring was unreasonably dangerous and that Plaintiff was unaware of same; and

d) Negligently failing to correct and/or maintain the unreasonably dangerous condition of the flooring on Defendant's premises, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care.

e) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting/maintaining the premises/flooring for dangerous conditions;

f) Negligently failing to train and/or inadequately training it employees to inspect the premises for dangerous conditions;

g) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

h) Negligently failing to act reasonably under the circumstances; and

i) Negligently engaging in a mode of operation when it knew, or should have known, that said mode of operation would result in dangerous conditions to the general public, including the Plaintiff herein;

j) Negligently engaging in a routine or regular practice of business that was not the reasonable custom of the community.

10.   As a result, while Plaintiff was visiting Defendant's business, he walked down a shopping aisle and tripped on a hand basket that was left on the floor and as a result sustained injuries as set forth.

11.   As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the

3

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, **RONNIE HORN**, sues the Defendant, **FAMILY DOLLAR STORES OF FLORIDA, LLC d/b/a FAMILY DOLLAR**, for damages and demands judgment in excess of Thirty Thousand and One Dollars ($30,001.00), plus interest and costs, and demands trial by jury of all issues so triable.

<u>**COUNT II- CLAIM OF NEGLIGENCE**</u>
<u>**AGAINST DEFENDANT, DEVONNA HARRIS**</u>

12.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 6 above, and further states:

13.     At all times material to this action Defendant, **DEVONNA HARRIS**, was employed by Defendant, **FAMILY DOLLAR STORES OF FLORIDA, LLC d/b/a FAMILY DOLLAR** as a manager and was directly responsible for maintaining, managing, and operating the subject store and therefore is personally liable to Plaintiff.  *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. 1st DCA 2006); *Orlovsky v. Solid Surf*, 405 So. 2d 1363, 1364 (Fla. 4th DCA 1981).

14.     At all times material to this action, Defendant, **DEVONNA HARRIS**, was directly responsible for executing Defendant, **FAMILY DOLLAR STORES OF FLORIDA, LLC d/b/a FAMILY DOLLAR's** policies of store management and was personally involved in Defendant, **FAMILY DOLLAR STORES OF FLORIDA, LLC d/b/a FAMILY DOLLAR's** previously described tortious conduct and is therefore personally liable to Plaintiff.  *White*, 918 So. at 358; *Orlovsky*, 405 So. 2d at 1364.

15.     At all material times and by virtue of her position with Defendant, **FAMILY DOLLAR STORES OF FLORIDA, LLC d/b/a FAMILY DOLLAR**, Defendant,

4

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

**DEVONNA HARRIS**, owed Plaintiff a non-delegable duty to maintain the store in a reasonably safe condition and to warn Plaintiff of any latent dangers in the store, or on its premises and for supervising the employees working at said premises to ensure that they are reasonably and safely maintained, inspected, and cleaned the subject premises consistent and in compliance with the Defendant, **FAMILY DOLLAR STORES OF FLORIDA, LLC d/b/a FAMILY DOLLAR's** policies and procedures.

16.     At said time and place, Defendant, **DEVONNA HARRIS**, breached her duty owed to Plaintiff by committing one or more of the following omissions or commissions:

k.   Negligently failing to maintain or adequately maintain the premises/flooring, thus creating a hazardous condition to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

l.   Negligently failing to inspect or adequately inspect the premises/flooring, as specified above, to ascertain whether unattended hand baskets on the floor of the aisle constituted a trip hazard to patrons utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

m.   Negligently failing to inspect or adequately warn the Plaintiff of the danger of the premises/flooring, when Defendant knew or through the exercise of reasonable care should have known that said premises/flooring was unreasonably dangerous and that Plaintiff was unaware of same; and

n.   Negligently failing to correct and/or maintain the unreasonably dangerous condition of the flooring on Defendant's premises, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care.

o.   Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting/maintaining the premises/flooring for dangerous conditions;

p.   Negligently failing to train and/or inadequately training it employees to inspect the premises for dangerous conditions;

q.   Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

r.   Negligently failing to act reasonably under the circumstances; and

5

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)

s.  Negligently engaging in a mode of operation when it knew, or should have known, that said mode of operation would result in dangerous conditions to the general public, including the Plaintiff herein;

t.  Negligently engaging in a routine or regular practice of business that was not the reasonable custom of the community.

17.   As a direct and proximate result of the negligence of Defendant **DEVONNA HARRIS**, Plaintiff, **RONNIE HORN**, suffered bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earing, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, **RONNIE HORN**, sues the Defendant, **FAMILY DOLLAR STORES OF FLORIDA, LLC d/b/a FAMILY DOLLAR** and **DEVONNA HARRIS**, for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

RESPECTFULLY submitted this 23rd day of August 2021.

*/s/ Marcia Sampson*

MARCIA SAMPSON, ESQUIRE
FBN:  1002604
Morgan & Morgan, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, FL 32801
Phone:  (407) 649-8856
Facsimile:  (407) 572-0129
Primary email: msampson@forthepeople.com
Secondary email: rtornaperez@forthepeople.com
            jillianmolina@forthepeople.com
Attorneys for Plaintiff

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)